

# United States Bankruptcy Court
# for the District of Oregon

**Thomas M. Renn, Judge**
Virginia H. Denney, Judicial Assistant
Howard J. Newman, Law Clerk

405 East Eighth Avenue, Suite 2600
Eugene, Oregon 97401

(541) 431-4050
FAX: (541) 431-4047

March 16, 2016

Mr. Alan Seligson
142 West 8th Avenue
Eugene, OR 97401

Mr. Marc W. Gunn
Gunn & Gunn, P.C.
PO Box 4057
Salem, OR 97302

RE:     SAMUELS, Paul John, Jr.; Bankruptcy Case No. 15-63600-tmr7
          VanderMay v. Samuels, Jr.; Adversary Proceeding No. 16-6015-tmr
          Plaintiff's Motion for Judgment on the Pleadings

Counsel:

       Plaintiff has filed the instant adversary proceeding to except from discharge a pre-petition default judgment obtained in state court. Debtor/Defendant has answered. At a March 9, 2016, pre-trial conference, Plaintiff orally moved for judgment on the pleadings. At that hearing, the parties agreed to submit the matter without further argument or briefing. It is, thus, ripe for decision.

       <u>Rule 12(c) Standards</u>:

       Under FRCP 12(c),[1] "a judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." <u>United States v. Zhou</u>, __ F.3d __, 2016 WL 860348, *2 (9th Cir. Mar. 7, 2016) (internal quotation omitted). When the motion is made by a plaintiff, as here, the court examines whether the facts admitted in the answer entitle the plaintiff to judgment. In ruling on the motion, I may consider documents attached to, incorporated by reference in, or integral to the pleadings, so long as authenticity is not questioned. <u>In re Novatel Wireless Sec. Litig.</u>, 830 F. Supp. 2d 996, 1009 (S.D. Cal. 2011).

---

[1] FRCP 12(c) is made applicable by FRBP 7012(b).

Facts:

The pleadings and exhibits thereto[2] reveal the following:

In October 2012, Plaintiff filed a complaint in state court (specifically the Marion County Circuit Court) against Defendant, his business entities, and his business partners. The complaint alleged two claims against Defendant, one for intentional conversion of a 1967 Mustang vehicle, and one for negligent care of the same vehicle. Both claims pled the same amount of damages. Defendant failed to respond to the complaint and, in January 2013, a default money judgment was entered against him for $30,398.04. The default judgment did not make any specific factual findings. It merely provided that the court found "generally in favor" of Plaintiff, and that judgment should be entered "on Plaintiff's complaint." Ex. A to Complaint at pp.11-12.

Defendant subsequently filed a Chapter 7 petition, after which Plaintiff filed the instant adversary proceeding.

Discussion:

Plaintiff seeks to except the default judgment from discharge under 11 U.S.C. § 523(a)(6). He argues the issue-preclusive effect of the default judgment entitles him to judgment as a matter of law. Issue preclusion–sometimes referred to as collateral estoppel–is a viable tool in § 523 litigation. Grogan v. Garner, 498 U.S. 279, 284 n.11, 111 S. Ct. 654, 658 (1991). In determining the preclusive effect of a state court judgment in a subsequent federal suit (including dischargeability proceedings), I must look to the issue-preclusion law of the state that rendered the judgment. Gayden v. Nourbakhsh (In re Nourbakhsh), 67 F.3d 798, 800 (9th Cir. 1995). In Oregon, "[i]ssue preclusion . . . preclude[s] relitigation of an issue [of law] or fact when that issue or fact has been determined by a valid and final determination in a prior proceeding." McCall v. Dynic USA Corp., 138 Or. App. 1, 5, 906 P.2d 295, 297 (1995) (internal quotation omitted). The requirements are:

> 1) The issue in the two proceedings is identical.
> 2) The issue was actually litigated and was essential to a final
> decision on the merits in the prior proceeding.
> 3) The party sought to be precluded has had a full and fair
> opportunity to be heard on that issue.
> 4) The party sought to be precluded was a party or was in privity
> with a party to the prior proceeding.
> 5) The prior proceeding was the type of proceeding to which th[e]
> court will give preclusive effect.

---

[2] Attached as Exhibit A to the instant Complaint are copies of the state court complaint and default judgment. At the pre-trial conference, Defendant admitted those documents were authentic.

Id. at 5, 906 P.2d at 297-298 (quoting Nelson v. Emerald People's Util. Dist., 318 Or. 99, 104, 862 P.2d 1293, 1296-1297 (1993)). "The party asserting issue preclusion bears the burden of proof on the first, second, and fourth requirements, whereupon the burden shifts to the party against whom preclusion is asserted to show that the third and fifth requirements are not met." Thomas v. U.S. Bank Nat'l Assoc., 244 Or. App. 457, 469, 260 P.3d 711, 719 (2011).

As to Prong #1, I am willing to assume, solely for argument's sake, that the intentional conversion claim in the state court suit involved the same elements as a claim under § 523(a)(6).[3]

Prong #2 requires that the issues be "actually litigated" and "essential" to the final judgment. Here, that judgment came by default. While other jurisdictions differ, under Oregon law, "the doctrine of . . . collateral estoppel [i.e., issue preclusion], as to matters essential to the judgment, applies to judgments by default." Gwynn v. Wilhelm, 226 Or. 606, 609, 360 P.2d 312, 313 (1961); Watson v. State, 71 Or. App. 734, 738, 694 P.2d 560, 562 (1984) (default judgments have same "solemn character as judgments entered after trial").

In general, a default judgment establishes the truth of all material factual allegations of the complaint. Rajneesh Found. Int'l v. McGreer, 303 Or. 139, 143, 734 P.2d 871, 874 (1987), reconsid. on other grounds and adhered to, 303 Or. 371, 737 P.2d 593 (1987). Here, however, the state court complaint pled claims for both intentional conversion and negligence. Plaintiff concedes the latter cannot form the basis for issue preclusion in § 523(a)(6) litigation.[4] The same amount of damages was pled for both claims. The conduct forming the basis for both claims is mutually exclusive, that is, the same conduct cannot simultaneously be negligent and intentionally harmful. The default judgment made no specific factual findings and did not otherwise specify upon which claim the money award was based. As such, I cannot determine whether any elements of the intentional conversion claim were essential to the judgment, as required under Prong #2. Huntley v. Snyder (In re Snyder), Adv. Proc. No. 95-6190-fra (Bankr. D. Or. July 26, 1996) (Alley, J.) (unpublished); see also Stephens v. Bigelow (In re Bigelow), 271 B.R. 178, 185-186 (9th Cir. BAP 2001) (under Washington law, a default judgment with no

---

[3] "Conversion is an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel." Scott v. Jackson Cnty., 244 Or. App. 484, 499, 260 P.3d 744, 752 (2011) (internal quotation omitted). A conversion can be based on intentional wrongdoing, or reckless, negligent or innocent conduct. In re Peterson, 348 Or. 325, 335, 232 P.3d 940, 946 (2010).

Section 523(a)(6) excepts from discharge debts "for willful and malicious injury by the debtor to another entity or to the property of another entity." To be "willful," the debtor must have a subjective motive to inflict injury or believe that injury is substantially certain to result from his own conduct. Ormsby v. First Am. Title Co. (In re Ormsby), 591 F.3d 1199, 1206 (9th Cir. 2010). "A malicious injury involves (1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse." Id. at 1207.

[4] See Kawaauhau v. Geiger, 523 U.S. 57, 64, 118 S. Ct. 974, 978 (1998) (negligent injuries do not come within § 523(a)(6)'s ambit).

express findings, where both breach of contract and bad conduct torts were pled, had no preclusive effect).[5]

In an attempt to turn the tables, Defendant relies on <u>Huntley</u> to argue the default judgment precludes Plaintiff from going forward. However, he neglects to distinguish the procedural and evidentiary postures presented there and here. In <u>Huntley</u>, the plaintiff obtained a default judgment in state court pre-petition. In the state court suit, she had pled both intentional and negligent injury. Like here, the default judgment failed to make factual findings or otherwise distinguish the basis for the money award. After the debtor filed Chapter 7, the plaintiff brought suit under § 523(a)(6). The matter was submitted <u>for trial</u> on stipulated facts. The only evidence plaintiff adduced was the state court complaint and judgment. The Court, being unable to discern upon which basis the judgment was entered, held the plaintiff had failed to meet her burden of proof as to whether the injury was willful and malicious. Adv. Proc. No. 95-6190-fra, Unpublished Op. entered July 26, 1996 at pp.2, 5.

Here, the parties are only at the pleading stage. In an attempt to preempt a trial, Plaintiff has sought judgment based on the argued preclusive effect of an admitted state court record. Denial of the present motion does not preclude him from adducing additional evidence at trial or on a motion for summary judgment to prove willful and malicious injury.[6]

Based on the above, Plaintiff's motion will be denied. To the extent Defendant's argument can be construed as a cross-motion, it too will be denied. The Court will enter its own order. As discussed at the pre-trial conference, a standard scheduling order will be entered with the discovery period extended to 120 days. This letter constitutes my findings and conclusions under FRBP 7052. They shall not be separately stated.

Very truly yours,

THOMAS M. RENN
Bankruptcy Judge

TMR:vhd

---

[5]To state this tenet in shorthand, to the extent a judgment is ambiguous, it has no preclusive effect. <u>Harvey v. Getchell</u>, 190 Or. 205, 215, 225 P.2d 391, 395 (1950) ("Certainty is an essential element, and unless it is shown that the judgment necessarily involved a determination of the fact sought to be concluded in the second suit, there will be no bar." (internal quotation omitted)).

[6]Further, just as the default judgment is not preclusive in Plaintiff's favor, it is likewise not preclusive in Defendant's favor, as it makes no implicit or explicit findings that intentional injury did not occur.